# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **ABRIL A. FLORES DEL CAMPO,** | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No.  7:19-cv-76** |
| **v.** | § | |
| | § | |
| **US BANK NATIONAL ASSOCIATION,** | § | |
| **AND SUBSTITUTE TRUSTEE** | § | |
| **SANDRA MENDOZA** | § | |
| **Defendants.** | § | |

## DEFENDANT U.S. BANK, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Defendant U.S. Bank National Association ("U.S. Bank" or "Defendant") files this Notice of Removal of this action from the County Court at Law No. 2, Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, the District and Division encompassing the place where the state court is located.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendant will show:

### A. Introduction

1.      On February 27, 2019, Plaintiff Abril A. Flores Del Campo ("Plaintiff") filed Plaintiff's Original Petition and Request for a Temporary Restraining Order ("Petition") in the County Court at Law No. 5, Hidalgo County, Texas, styled *Abril A. Flores Del Campo, Plaintiff v. US Bank National Association, et al.,* bearing Cause Number CL-19-1200-E.

3.      Defendant has not yet been served with process.  Thus, Defendant timely files this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

**DEFENDANT'S NOTICE OF REMOVAL**                                                                **PAGE 1**
BDFTE NO. 0000008060949

## B. Procedural Requirements

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1446 because the District Court for the Southern District of Texas, McAllen Division, is the district and division within which this lawsuit is pending.

5.      Pursuant to Southern District of Texas Local Rule 81 and 28 U.S.C. §1446(a), this *Notice of Removal* is accompanied by copies of the following:

  a.      An index of matters being filed is attached hereto as **Exhibit 1**;

  b.      The state court docket sheet, all pleadings asserting causes of action, all executed process in the case, if any, all answers, if any, and all orders signed by the state court judge, if any, are attached as **Exhibits 2-3**; and

  c.      A list of all counsel of record, including addresses, telephone numbers and all parties represented is attached hereto as **Exhibit 4**.

6.      Simultaneously with the filing of this *Notice of Removal*, Defendant is filing notice of the removal in the County Court at Law No. 5 in Hidalgo County, Texas pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit 5**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).  Also, in accordance with Local Rule 3, Defendant has filed contemporaneously with this Notice a civil cover sheet, a copy of which is attached hereto as **Exhibit 6**.

7.      Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit 7**.

## C. Basis for Removal

8.     Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

### I.     Diversity of Citizenship

9.     Based on the Petition, Plaintiff is a citizen of Texas.  *Petition* at ¶ II.  For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).

10.     U.S. Bank, National Association is a national banking association organized under federal law. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Under its articles of association, U.S. Bank's main office is located in Ohio. Therefore, U.S. Bank is a citizen of Ohio. *Id.*

11.     Substitute Trustee, Sandra Mendoza ("Mendoza") is a resident of Texas. However, Mendoza's citizenship should not be allowed to defeat diversity because she has been improperly joined.

12.     Complete diversity exists in this matter because Plaintiffs (Texas) and U.S. Bank (Ohio) are citizens of different states.  28 U.S.C. §1332(a).

### II.     Improper Joinder of Mendoza

13.     Under established Fifth Circuit precedent, "[t]he fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal

jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009); *see also Salazar v. Allstate Tex. Lloyd's Inc.,* 455 F.3d 571, 574 (5th Cir. 2006) ("[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."). The Fifth Circuit recognizes two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied.* 544 U.S. 992 (2005). Plaintiffs specifically named Mendoza in this lawsuit to defeat diversity of jurisdiction. Accordingly, both methods are applicable.

14.    Mendoza was improperly joined under both methods. With regard to the second method, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* The court may identify discrete and undisputed facts in a summary inquiry that would prevent plaintiff's recovery from the in-state defendant. *Id.* at 573-74.

15.    Here, Plaintiff fails to assert any claims against Mendoza other than a vague and general assertion as to "Defendants" that they did not comply with the Texas Property Code as it relates to mailing notice of default. The only facts Plaintiffs allege reflect that Mendoza is being sued in her capacity as substitute trustee under the Deed of Trust. *Petition* at II. and IV.L. Notably, Plaintiff failed to cite any legal support for her argument that Mendoza had an obligation to mail her notice because she did not. Section 51.002(d) specifically states that it is the mortgage servicer's responsibility to serve a debtor with the notice of default. *See* Tex. Prop. Code § 51.002(d).

**DEFENDANT'S NOTICE OF REMOVAL**                                                    **PAGE 4**
BDFTE NO. 00000008060949

16.     Further, in *Foster v. Deutsche Bank National Trust Company,* the Fifth Circuit Court of Appeals reiterated that a substitute trustee has a duty under the deed of trust to "act with reasonable impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Foster v. Deutsche Bank National Trust Company,* 848 F.3d 403, 406 (5th Cir. 2017) (quoting *Smallwood v. Ill. Cent. R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)(en banc)). The Court agreed with the Northern District of Texas in holding that "a breach of a trustee's duty does not constitute an independent tort; rather, it yields a cause of action for wrongful foreclosure." *Id.* (quoting *Marsh v. Wells Fargo Bank, N.A.,* 760 F.Supp.2d 701, 708 (N.D. Tex. 2011). Accordingly, **"A claim for wrongful foreclosure cannot succeed, however, when no foreclosure has occurred."** *Id.* (citing *Marsh.,* 760 F.Supp.2d at 708).  In *Foster,* the Fifth Circuit held that there was no wrongful foreclosure claim absent an actual foreclosure and because Foster would not have been able to assert a cause of action in state court, her joinder of the substitute trustee was improper. *Id.* Further, the Fifth Circuit affirmed that Texas does not recognize an action for attempted wrongful foreclosure. *Id.; see also Filgueira v. U.S. Bank Nat'l Ass'n.,* 2013 WL 127559, at *3 (S.D. Tex. 2013). Consequently, the Fifth Circuit affirmed the trial court's denial of Foster's motion to remand and held that because the foreclosure of Foster's property had not taken place, Foster was not able to assert a cause of action for wrongful foreclosure. *Id.* at 407.

17.     Like *Foster,* there has been no foreclosure of the Property in this case. Therefore, Plaintiffs cannot maintain a wrongful foreclosure cause of action -- implied or otherwise. As such, Plaintiffs have not alleged any facts demonstrating that Plaintiffs could recover from Mendoza since breach of a trustee's duty does not constitute an independent tort but for wrongful foreclosure. *See*

*Foster,* 848 F.3d at 406. Since all necessary parties are diverse, there is complete diversity between the relevant parties.

### II.     Amount in Controversy Exceeds $75,000.

18.     Plaintiff's claims for unspecified amount of monetary damages with respect to its right, title and interest in the Property exceed the $75,000.00 threshold for diversity jurisdiction.

19.     The Petition seeks injunctive relief preventing U.S. Bank from seeking foreclosure of the property. While Plaintiff fails to assert a specific cause of action, Plaintiff vaguely claims a violation of the Texas Property Code with regard to mailing of a notice of default.[1]  "In actions seeking declaratory relief of injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Id*.  The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998).  In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.  *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

---

1  *Id*. ¶¶ 8-9.

20.     Moreover, as Plaintiff seeks injunctive relief to bar any foreclosure proceedings or take steps to post about the foreclosure,[2] the property is the object of the present litigation.  *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338 (C.A.5 (Tex.)).  ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation.")  "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."  *Id.* at *5 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

21.     According to the records of Hidalgo County Appraisal District, the property at issue has an approximate value of $158,361.00, which is above the $75,000.00 limit for removal.  A true and correct copy of the Property Search Results from the Hidalgo County Appraisal District is attached hereto as **Exhibit 8** and is incorporated herein, and the Court may take judicial notice of the appraised value of the Property from the Hidalgo County Central Appraisal District's public website at http://www.hcad.org by searching using the Property address or Property Account 719718.  *See* FED. R. EVID. 201; *Kew v. Bank of Am., N.A.,* No. H-11-2824, 2012 WL 1414978, at 3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraised value of property published on Harris County Appraisal District's website to satisfy amount in controversy requirement in removed mortgage foreclosure litigation).  Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

---

2 Petition, XI.

**DEFENDANT'S NOTICE OF REMOVAL**                                                                **PAGE 7**

## D. Prayer

WHEREFORE, Defendant removes this action from the County Court at Law No. 5, Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

  */s/ Crystal Gee Gibson*
 §Crystal Gee Gibson
State Bar No. 24027322
SD No. 706039
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0734 (Facsimile)
CrystalR@bdfgroup.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

On March 12, 2019, I certify that a copy of the foregoing was served as indicated to the following:

***Via E-service: juanangelguerra1983@gmail.com***
Juan Angel Guerra
1409 N. Stuart Place Rd., Suite A
Harlingen, Texas 78552
*Attorney for Plaintiff*

  */s/ Crystal Gee Gibson*
Crystal Gee Gibson

**DEFENDANT'S NOTICE OF REMOVAL**                                          **PAGE 8**
BDFTE NO. 00000008060949